The City of Seymour vs. The Town of Seymour.

THE CITY OF SEYMOUR, Appellant, vs. THE TOWN OF SEYMOUR, Respondent.

*September 5 — September 22, 1885.*

Towns: Cities: Division of property: Verdict: Evidence.

A verdict to the effect that certain railroad stock had been apportioned and divided between the parties, or that the city had received an equivalent of its share thereof, is *held* not to be supported by any evidence.

APPEAL from the Circuit Court for *Outagamie* County.
Action to recover a certain proportion of the value of railroad stock alleged to have been converted by the defendant town. The cause was before this court on a former appeal and is reported in 56 Wis. 314. Upon the second trial there was a verdict for the defendant, and from the judgment entered thereon the plaintiff appealed.

For the appellant the cause was submitted on the brief of *C. E. McIntosh* and *Sloan & Bottensek.*
*Humphrey Pierce,* for the respondent.

ORTON, J. The nature of this action and nearly, if not quite, all the facts appear in the case reported in 56 Wis. 314. The railroad stock belonged to the town, and was the property of the town to be divided at the time of the incorporation of the city, and the town afterwards sold and disposed of it, and appropriated its proceeds to its own use. The defense is that said stock was divided and apportioned by the town board at the meeting March 25, 1879, together with the general funds and indebtedness of said town, or that in the apportionment of the funds and property of the town this stock was considered and given to the town as a part of its share of the property.

The only record evidence of any apportionment made was at the above date, and that only shows that the indebtedness was apportioned and the moneys belonging to the

town. It does not show that this railroad stock or any other property of the town was apportioned and passed over to the city, and the moneys were apportioned exactly according to the rule fixed · by law, and it does not appear that the railroad stock was considered or taken into account in any manner whatever. There was evidence, by the testimony of the chairman of the town for that year, that it was understood at the time that the railroad stock should not then be divided, but should remain for the future action of the board.

This testimony was disputed by other witnesses then present, but there was no evidence, oral or by record, that the stock was ever apportioned or divided. At the time, the city owned and was entitled to have and receive its proper share of it. It was incumbent upon the town to show that the city received such share, and it does not appear by the evidence of record or otherwise that the city has ever received such share, or any part of it; but, on the other hand, the record negatively shows that it was not considered or divided by its silence and omission. The jury were distinctly instructed that, if they should find such a state of facts, they should find for the plaintiff; and yet, without a particle of evidence to that effect, they must have found that the stock had been apportioned and divided; or that the city had received an equivalent of its share in the apportionment, and found a verdict for the defendant.

The verdict was unsupported by any evidence and clearly against all the evidence in the case. The plaintiff city was entitled to a verdict for the value of its proper share of the railroad stock at the time of its conversion by the town.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.